Appellant, Edwin Rivera, challenges only the constitutionality of R.C. 2950. He stipulated to a finding that he is a sexual predator as defined under R.C. 2950.01(E) at his hearing before Judge Michael J. Corrigan. For the following reasons, we affirm.
On July 30, 1996, Edwin Rivera, then forty-one years of age, and employed as an ambulance driver, was transporting Shelly Voll to a medical facility when, while en route, he had sexual relations with her, resulting in the conception of his child. Ms. Voll, then thirty-eight years of age, suffers from a medical condition that requires extensive care and treatment and prohibits her from giving consent. On March 24, 1997, Rivera was indicted for rape, kidnapping and failing to provide for a functionally impaired person. On November 17, 1997, he pleaded guilty to these charges and was sentenced to an aggregate sentence of six years to which Rivera agreed.
Eight days later, at the sexual predator determination hearing, it was noted that Rivera had a prior record of sexually related offenses.
 I.
Rivera's first assignment of error reads:
 I. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
This court considered and rejected Rivera's arguments under his first assignment of error in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported (Determination of Assignment of Error IX at pages 29-31.)
As a result, this assignment of error is not well taken.
 II. II. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9, OF THE OHIO CONSTITUTION.
This court considered and rejected Rivera's arguments under his second assignment of error in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported (Determination of Assignment of Error X at pages 31-32.)
Accordingly, appellant's second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., CONCUR; LEO M. SPELLACY, J.,CONCURS IN JUDGMENT ONLY.
 ___________________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).